FILED
2010 MAY 11  PM 2:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBER LANN PITTMAN,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>A. PALOMINO, et al.,<br><br>　　　　　　　　Respondents. | Civil No.   10cv0925 WQH (PCL)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the following reasons, the Court denies the application to proceed in forma pauperis and dismisses the Petition without prejudice.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is incomplete because Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to submit a certified copy of his inmate trust account statement. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner incorrectly named "A. Palomino" and "Riverside Court" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, the Petition is subject to dismissal because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

1  Here, Petitioner has presented no grounds for relief whatsoever, but has presented
2  essentially a blank habeas petition form. In no way does Petitioner claim he is "in custody in
3  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

4  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
5  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
6  the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.
7  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
8  relief because he has not presented a cognizable federal claim.

## CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's Motion to proceed in forma pauperis is **DENIED**. The Petition is **DISMISSED** without prejudice for failing to satisfy the filing fee requirement and failing to name a proper respondent and failing to present a cognizable federal claim. If Petitioner wishes to proceed with this action, he must pay the filing fee or submit adequate proof of his inability to do so **and** file a First Amended Petition which cures the pleading defects identified in this Order on or before **July 1, 2010**.

**IT IS SO ORDERED.**

DATED: 5/11/10

Hon. William Q. Hayes
United States District Judge